[Civ. No. 59502. Second Dist., Div. Three. May 21, 1981.]

PASADENA HOTEL DEVELOPMENT VENTURE, Plaintiff and Appellant, v.
CITY OF PASADENA, Defendant and Respondent.

COUNSEL

Fleming, Anderson, McClung & Finch and Lee W. Salisbury for Plaintiff and Appellant.

Evelyn M. Finn, City Attorney, and Jerome A. Levin, Deputy City Attorney, for Defendant and Respondent.

OPINION

COBEY, J.—Plaintiff, Pasadena Hotel Development Venture (Holiday Inn) (hereafter taxpayer), appeals from a minute order in favor of defendant, City of Pasadena (hereafter City), denying taxpayer a refund of certain personal property taxes erroneously assessed by the City to the taxpayer. The basis for this denial is the asserted untimeliness of the taxpayer's claim for refund.

The sole issue on this appeal is whether this refund claim should have been filed within the four-year period of limitation specified by Rev-

enue and Taxation Code section 5097, subdivision (a)(2), or within the one-year period specified by the City charter and the applicable ordinance. We hold that the one-year period controls and that, therefore, the judgment of denial must be affirmed.

## FACTS[1]

For its fiscal year 1976-1977 the City, pursuant to its applicable tax ordinances, assessed to the taxpayer certain business personal property and inventory situated at a particular location within the city. On the basis of this assessment the City levied taxes on this property for this fiscal year in the amount of $31,972.05, which taxes the taxpayer paid in full on August 27, 1976.

This assessment was excessive and erroneous because it included real property reported by the taxpayer. This error resulted in a tax overpayment by the taxpayer to the City of $25,034.25.

On May 23, 1979, the taxpayer, purportedly following the procedure specified in the already-mentioned Revenue and Taxation Code section 5097, filed a written verified claim for refund of its tax overpayment with the city clerk. The City rejected this claim completely on June 6, 1979.

The City assessed the taxes at issue on its unsecured property tax roll for the fiscal year in question and the City alone handled the taxpayer's claim for refund.

## DISCUSSION

■ Government Code section 935[2] has provided at all times material to this litigation that claims against a local public entity (such as the City) (see § 900.4), for money or damages which are (1) excepted by section 905 from the claim presentation requirements of the Tort Claims Act and (2) which are not governed by any other statute or regulation *expressly relating thereto*, shall be governed by the procedure prescribed in any charter, ordinance, or regulation adopted by the local public entity.

---

[1]The facts were stipulated.

[2]All statutory code references hereafter are to the Government Code unless otherwise indicated.

Among the claims excepted from the claim presentation requirements of the Tort Claims Act in section 905, subdivision (a), are all claims under the Revenue and Taxation Code or other statute for, among other things, the refund of any tax.[3]

Article X, section 1011(B), of the City's charter provided at all times material to this litigation in pertinent part that all claims against the City, which were based on a cause of action accruing on and after January 14, 1963, must be presented within one year after the accrual of the cause of action.

Similarly, section 4.28.385(C) of the City's Municipal Code provided in relevant part during such period that all claims for tax refunds must be filed with the City's assessor, tax and license collector within one year after making the payment sought to be refunded.

Thus the period within which a tax refund claim must be filed under the charter and the applicable ordinance of the City meets the requirement of section 935, subdivision (c), that such period may not be shorter than one year after the accrual of the cause of action. (See § 911.2.) Accordingly, the one-year tax claim filing period prescribed by the City is a valid requirement authorized by section 935 and it must be met.[4]

---

[3]The reference in this subdivision to "the Revenue and Taxation Code or other statute" is not a limitation upon the type of tax claims excepted from the coverage of the Tort Claims Act, aside from section 935. The subdivision is essentially a copy of former section 703, subdivision (a), also drafted by the Law Revision Commission. (See Stats. 1959, ch. 1724, § 1, pp. 4133-4134; 4 Cal. Law Revision Com. Rep. (1963) p. 1027.)

With respect to this former subdivision, the Law Revision Commission has stated that it excluded from the scope of the unified claims statute then proposed by the Commission all "claims for tax exemption, cancellation or refund." (See 2 Cal. Law Revision Com. Rep. (1959) p. A-117.)

Since both subdivisions discussed in this footnote were enacted in the form proposed by the commission, the intent of the commission in regard to their meaning may be deemed to be the intent of the Legislature. (See *Van Arsdale v. Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508]; *Arellano v. Moreno* (1973) 33 Cal.App.3d 877, 884 [109 Cal.Rptr. 421].)

[4]On petition for rehearing the taxpayer brings to our attention article X, section 1011(A), of the City charter, which is the provision therein immediately preceding the provision of such charter relied on by us.

Section 1011(A) reads, and apparently always has read: "To the extent that the laws of the State of California set forth a procedure applicable to claims specified therein against local public entities and public officers and employees thereof, such state laws shall, from and after January 14, 1963, govern such claims to the exclusion of the provisions of this Charter and all ordinances of this City."

We read this language as referring to the then about to be enacted Tort Claims Act

The situation with respect to Revenue and Taxation Code section 5097 is otherwise. It does not expressly relate to the taxpayer's claim for refund of the City's taxes here at issue. Instead it has to do with claims for tax refunds to be ordered by a county board of supervisors. (See Rev. & Tax. Code, § 5096.) Thus it has no application in this case.

DISPOSITION

The minute order under appeal is affirmed.

Potter, J., concurred.

Klein, P. J., concurred in the result.

A petition for a rehearing was denied June 16, 1981, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied July 15, 1981.

---

and it is the relevant provisions of this statute which constitute the basis for our opinion in this case.