[Civ. No. 6684. Fifth Dist. Aug. 10, 1983.]

JOSEPH TOY SNIPES, Plaintiff and Appellant, v.
CITY OF BAKERSFIELD et al., Defendants and Respondents.

COUNSEL

Deborah A. Vollmer for Plaintiff and Appellant.

Richard J. Oberholzer, City Attorney, and C. T. Swallow, Deputy City Attorney, for Defendants and Respondents.

OPINION

HANSON (P. D.), J.—In this appeal we conclude that actions seeking redress for employment discrimination pursuant to the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) are not subject to the claim-presentation requirements of the Tort Claims Act (Gov. Code, § 810 et seq.). Accordingly, we reverse a judgment of dismissal entered after respondents' demurrer to the complaint was sustained without leave to amend.

The complaint for damages and injunctive relief alleges that appellant, who is black, applied for employment as a police officer with the Bakersfield Police Department and was tested for the position in December 1978; that although appellant was fully qualified, possessing excellent rating reports from the Los Angeles Police Department where he previously had been employed, the Bakersfield Police Department refused to hire him "solely because he was a member of the Black race, in violation of Section 1420 of the California Labor Code;[1] that Defendant BAKERSFIELD POLICE DEPARTMENT follows a course and policy of refusing to hire Blacks as police officers; and that by reason of said practices, Defendants have committed unlawful employment practices."

---

[1]Former Labor Code section 1420 was reenacted as Government Code section 12940. Subdivision (a) prohibits discrimination by employers on the basis of race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status or sex. The Fair Employment Practices Act (former Lab. Code, § 1410 et seq.), was recodified in 1980 as part of the FEHA. For purposes of convenience, we refer throughout the opinion to the FEHA.

The complaint further alleges: "Subsequent to the above-described denial of employment by Defendants, Plaintiff filed a complaint with the Division of Fair Employment Practices in the Department of Industrial Relations pursuant to section 1421 [1422] of the *Labor Code*,[2] alleging that the acts described herein established a violation of the Fair Employment Practices Act.

"Subsequently, in a letter dated February 1, 1980, the Fair Employment Practices Commission notified Plaintiff of his right to file suit within one year of the date of that letter. Plaintiff has exhausted his administrative remedies as required by law."

The complaint seeks damages, including back pay; punitive damages in the amount of $1 million; an order requiring respondents to employ appellant as a police officer forthwith; and preliminary and permanent injunctions prohibiting discriminatory employment practices against appellant.

Respondents City of Bakersfield (City) and Bakersfield Police Department (Police Department) filed a general demurrer to the complaint on the ground that appellant failed to allege compliance with the requirements of the Tort Claims Act, specifically, Government Code section 945.4. The section provides in part: "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . , or has been deemed to have been rejected . . . ."

Appellant argued in opposition to the demurrer that procedures of the FEHA take precedence over the general Tort Claims Law, and provide adequate notice of impending legal action. Both parties presented memoranda discussing the statutes and administrative regulations governing proceedings under the FEHA.

The court sustained the demurrer without leave to amend on the ground that "[d]efendant failed to file a written claim for damages with the moving parties as required by Government Code § 945.4." Judgment was entered on the court's order of dismissal, and this appeal followed.

## DISCUSSION

Appellant, who alleged in his complaint that he pursued administrative remedies by filing a complaint with the Division of Fair Employment Prac-

---

[2]Appellant miscited former Labor Code section 1422, now Government Code section 12960, which provides in part: "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint in writing . . . ."

tices, contends that the Legislature did not intend claims under the FEHA to be subject to the Tort Claims Act, and furthermore, that appellant's complaint is not a claim for "money or damages" so as to come within the provisions of Government Code sections 905 and 945.4. For purposes of review of the ruling sustaining the demurrer, we regard as true the allegations of the complaint. (*Dale* v. *City of Mountain View* (1976) 55 Cal.App.3d 101, 105 [127 Cal.Rptr. 520].)

## I

The trial court's ruling sustaining the demurrer was based expressly upon the notice of claim requirements of Government Code sections 905 and 945.4. These provisions of the Tort Claims Act require, as a condition precedent to bringing suit against a local public entity, the timely presentation to the defendant of a written claim and the rejection of the claim in whole or in part. The limitations period for presentation of a claim of this nature appears to be one year. (See Gov. Code, § 911.2.)

Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer. (*Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20]; *San Leandro Police Officers Assn.* v. *City of San Leandro* (1976) 55 Cal.App.3d 553, 559 [127 Cal.Rptr. 856]; see Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.77, p. 569, hereafter cited as Van Alstyne.)

We agree with appellant's argument that the purposes and procedures of the FEHA demonstrate a legislative intent that actions against governmental entities brought under the FEHA are to be excepted from the general requirements of the Tort Claims Act. The FEHA constitutes a comprehensive scheme for combating employment discrimination, with specific time limitations related to the remedies provided.

"The California Fair Employment Practices Act (FEPA) was enacted in 1959 (former Lab. Code, § 1410 et seq.; see Stats. 1959, ch. 121, § 1, p. 2000 et seq.). In 1980 it was recodified as part of the FEHA. (Stats. 1980, ch. 992, § 4, p. 3140 et seq.) The law establishes that freedom from job discrimination on specified grounds, including race, is a civil right. (§ 12921.) It declares that such discrimination is against public policy (§ 12920) and an unlawful employment practice (§ 12940).

"The statute creates a Department of Fair Employment and Housing (Department) (§ 12901), whose function is to investigate, conciliate, and seek

redress of claimed discrimination (§ 12930). Aggrieved persons may file complaints with the Department (§ 12960), which must promptly investigate (§ 12963). If it deems a claim valid it seeks to resolve the matter—in confidence—by conference, conciliation, and persuasion. (§ 12963.7.) If that fails or seems inappropriate the Department may issue an accusation to be heard by the Fair Employment and Housing Commission (Commission). (§§ 12965, subd. (a), 12969; see too § 12903.)

"The Commission determines whether an accused employer, union or employment agency has violated the act. If it finds a violation it must 'issue . . . an order requiring such [violator] to cease and desist from such unlawful practice and to take such action, including, but not limited to, hiring, reinstatement or upgrading of employees, with or without back pay, restoration to membership in any respondent labor organization, as, in the judgment of the commission, will effectuate the purpose of this part . . . .' (§ 12970, subd. (a).)

"If no accusation is issued within 150 days after the filing of the complaint and the matter is not otherwise resolved, the Department must give complainant a right-to-sue letter. Only then may that person sue in the superior court 'under this part' (§ 12965, subd. (b))." (*Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 213-214, fns. omitted; see also Giacomini, Advising Cal. Employers (Cont.Ed.Bar 1981) § 2.13, p. 91, §§ 2.90, 2.115, pp. 130, 138, hereafter cited as Giacomini.)

Government Code section 12926, subdivision (c), defines "Employer" for the purposes of the act as including "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly; *the state or any political or civil subdivision thereof and cities.*" (Italics added.) █ In order to bring an action under FEHA, an individual is required to exhaust his administrative remedies under the act. (*Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d 211, 214, 218; *Hollon* v. *Pierce* (1967) 257 Cal.App.2d 468, 475-476 [64 Cal.Rptr. 808].) It was the intent of the Legislature to provide an administrative forum for eliminating unlawful employment practices "by conference, conciliation, and persuasion." (Gov. Code, § 12963.7, subd. (a).) ". . . [T]here is no right to sue, even after conciliation breaks down, unless the Department fails to file an accusation before the Commission. To that extent the availability of court remedies remains within the Department's control. [Also], the compliance structure of the FEHA encourages cooperation in the administrative process. While that process continues the Department acts on the victim's behalf and absorbs costs of pursuing his claim. Court action inevitably is speculative, and the FEHA makes civil suit the

claimant's sole responsibility." (*Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d at p. 218.)

The aggrieved person must file a verified complaint in writing with the department within one year from the date of the alleged unlawful practice, "except that this period may be extended for not to exceed 90 days . . . , if [complainant] first obtained knowledge of the facts . . . after the expiration of one year from the date of their occurrence." (Gov. Code, § 12960.) The director of the department or an authorized representative may bring a complaint on his or her own motion. (*Ibid.*) "Director's complaints are used to address systematic problems, usually pattern and practice matters, which do not necessarily involve one aggrieved individual. Anonymous complaints and referrals from other governmental agencies may also be filed as Director's complaints. [Citation.] Complaints may also be filed on behalf of a group or class. Govt C § 12961." (Giacomini, *supra,* § 2.91, at pp. 130-131.)

Government Code section 12963 requires the department to investigate immediately "any complaint alleging facts sufficient to constitute a violation of any of the provisions of this part, . . ." Section 12962 provides that the department must serve the employer with the complaint within 45 days of filing or "at the time of initial contact" with the employer, whichever is earlier. Service may be made personally or by certified mail with return receipt requested.

According to Giacomini, Advising California Employers, *supra,* section 2.92, page 131, the documents served include: ". . . a copy of the complaint, a notice of filing of discrimination complaint (Form DFEH-200-04), a supplement to the notice that requests specified information relevant to the complaint (voluntary request for information), a pattern survey form (DFEH-600-14 for public employers or DFEH-600-15 for private employers), a negotiated settlement response form (DFEH-600-10), and a brochure titled Guide to Respondents. The notice of filing contains the case name, DFEH file number, and name and telephone number of the consultant (investigator) assigned to the case."

This notice contains a request to respond within 14 days; if no response is forthcoming, the consultant contacts the employer to discuss the possibility of early resolution. (Giacomini, *supra,* at p. 131.) Government Code section 12946 requires an employer who has been served with notice of filing of a complaint to "maintain and preserve any and all such records and files until such complaint is fully and finally disposed of and all appeals or related proceedings terminated."

Section 12962 provides that "[a]t the discretion of the director, the complaint may not contain the name of the complaining party unless such complaint is filed by the director or his authorized representative." Additional regulations regarding service of papers filed with the commission are contained in title 2, California Administrative Code, sections 7421-7423. Section 7421, subdivision (f), requires that all parties keep on file with the commission their current addresses and telephone numbers.

Subdivision (b) of section 12965 provides in part: "If an accusation is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly notify, in writing, the person claiming to be aggrieved. Such notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of such notice. The superior courts of the State of California shall have jurisdiction of such actions."[3]

■ The above provisions demonstrate a legislative intention to exempt actions under the FEHA from the general Tort Claims Act requirements. The procedural guidelines and the time framework provided in the FEHA are special rules for this particular *type* of claim which control over the general rules governing claims against governmental entities. The FEHA not only creates a statutory cause of action, but sets out a comprehensive scheme for administrative enforcement, emphasizing conciliation, persuasion, and voluntary compliance, and containing specific limitations periods. (See Tobriner, *California FEPC* (1965) 16 Hastings L.J. 333.)

Respondents contend Government Code section 905 lists the only types of claims which are exempt from the requirement of notice of claim to the local governmental entity. (See Van Alstyne, *supra,* § 5.13, pp. 444-445.) However, numerous cases hold that a plaintiff who sues under the federal Civil Rights Act (42 U.S.C. § 1983)[4] need not seek remedy under the California Tort Claims Act; thus, the categories listed in section 905 of the Government Code are not exhaustive of the types of claims which are exempt. (See *Williams* v. *Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr.

---

[3]In *Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d 211, 218, footnote 8, the court observed that "right-to-sue letters are the rule, not the exception, because the Department rarely is able to complete investigations, pursue conciliation, and issue accusations within the 150-day period. For that reason, a right-to-sue letter is issued, even in advance of 150 days, to any person who states in writing that he wants to withdraw his complaint and file a civil action."

[4]Respondents' brief indicates that appellant also has filed suit in federal court raising identical allegations under the federal Civil Rights Act.

453, 548 P.2d 1125]; *Graham* v. *City of Biggs* (1979) 96 Cal.App.3d 250, 255 [157 Cal.Rptr. 761]; see also *County of Mendocino* v. *State of California* (1971) 22 Cal.App.3d 90, 94-95 [98 Cal.Rptr. 904], holding that the general Tort Claims Act requirements of Government Code section 905.2 do not apply where an act contains its own claims statute within its terms.)[5]

■ The purposes of the general claims presentation requirement are to give the governmental entity an opportunity to settle claims before suit is brought, to permit early investigation of the facts, to facilitate fiscal planning for potential liabilities, and to avoid similar liabilities in the future. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 123 [113 Cal.Rptr. 102, 520 P.2d 726].) The provisions of the FEHA for filing of a complaint with the department, administrative investigation, and service of the complaint on the employer serve a similar function. As counsel for appellant argued in the trial court, "[t]he purpose is to provide an administrative forum whereby discrimination disputes may be resolved short of going to court . . . ." For the reasons discussed, the claim requirements do not apply to appellant's action.[6]

## II

■ We also recognize merit in appellant's argument that the claim is not for "money or damages" within Government Code sections 905 and 945.4, and therefore not subject to demurrer for failure to comply with the Tort Claims Act. The notice of claim provisions do not apply to an action which seeks principally injunctive relief for employment discrimination. The action under the FEHA basically is nonpecuniary, the claims for damages and back pay being incidental to the claim for injunctive relief.

The general scope of the Tort Claims Act notice-of-claim provisions is limited to "claims for money or damages . . . ." (Gov. Code, §§ 905,

---

[5]Respondents suggest for the first time on appeal that even if appellant's action under the FEHA were deemed an implied exception not specifically listed in Government Code section 905, appellant nevertheless was required to present a claim directly to the Bakersfield Police Department within one year of the alleged discriminatory conduct because the City adopted by ordinance Municipal Code section 3.12.010, a local claims procedure pursuant to Government Code section 935. The argument was not presented below.

However, Government Code section 935 expressly provides that a local claims procedure may be adopted only as to those claims "which are not governed by any other statutes or regulations expressly relating thereto, . . ." Obviously, a local governmental entity may not impose a claims requirement where, because of special procedural provisions of the FEHA, the California Tort Claims Act provisions do not apply. (Cf. *Pasadena Hotel Development Venture* v. *City of Pasadena* (1981) 119 Cal.App.3d 412, 414-415 [174 Cal.Rptr. 52].)

[6]We note and distinguish the "tolling" cases cited by respondents. The FEHA contains a special limitations period of one year for bringing suit after the administrative remedy is exhausted. Where the complainant brings suit within a year of the date of the right-to-sue letter, under a tolling theory the complaint itself would satisfy the purpose of the claims statute.

905.2.) This language exempts actions seeking specific relief other than money or damages, such as injunctive or declaratory relief, and certain actions in mandamus. (See Van Alstyne, *supra,* § 5.7, pp. 436-437, § 5.23, pp. 460-462; see also Gov. Code, § 814: "Nothing in this part affects . . . the right to obtain relief other than money or damages against a public entity . . . .") Because appellant's complaint clearly states a cause of action for injunctive relief, the general demurrer was sustained improperly. (See *Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d 113, 121, fn. 12; *L. A. Brick etc. Co.* v. *City of Los Angeles* (1943) 60 Cal.App.2d 478, 486 [141 P.2d 46].)

Furthermore, an action for specific relief does not lose its exempt status solely because incidental money damages are sought. (See *People* v. *City of Los Angeles* (1958) 160 Cal.App.2d 494, 508 [325 P.2d 639]; *L. A. Brick etc. Co.* v. *City of Los Angeles, supra,* 60 Cal.App.2d 478, 486, cited in *Minsky, supra,* 11 Cal.3d at p. 121, fn. 12.) Both *People* v. *City of Los Angeles, supra,* and *L. A. Brick etc. Co.* v. *City of Los Angeles, supra,* involve actions to abate a nuisance in which the plaintiff also sought damages incidental to the injunction; the actions were held not subject to early presentation of claims requirements. "[A]ny proper item of damage which is a direct result of the creation of the nuisance and incident to any equitable relief that may be granted, may be recovered in this action [for injunctive relief] even though no claim therefor was filed against the city prior to the institution of the action." (*People* v. *City of Los Angeles, supra,* 160 Cal.App.2d at p. 508.)

The same analysis applies in appellant's action for injunctive relief and other remedies for employment discrimination in violation of the FEHA. Back pay clearly is specific monetary relief *incidental* to the requested orders that appellant be hired and that respondents be enjoined from discriminating against him. In *Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d 211, 220-221, the Supreme Court held that punitive damages also are recoverable in a private action to vindicate statutory rights under the FEHA, and impliedly approved recovery of all compensatory damages.

The single ground stated for sustaining the general demurrer is legally insufficient. ■ ■ ■ ■ Because appellant's complaint states a cause of action under the FEHA, we hold that no portion of appellant's complaint is subject to the claims presentation requirements of Government Code sections 905 and 945.4.[7]

---

[7]Because we find the Tort Claims Act is not applicable to this action, we need not discuss appellant's final contention that his pursuit of the administrative remedy initiated by filing a

The judgment of dismissal is reversed.

Franson, Acting P. J., and Woolpert, J., concurred.

---

complaint pursuant to the rules of the FEHA constitutes substantial compliance with the Tort Claims Act. However, we note that the FEHA procedures discussed above adequately serve the purposes of the Tort Claims Act; to require appellant to follow both statutory schemes for notice and settlement would be a duplication of processes. (See *City of Los Angeles* v. *Superior Court* (1973) 8 Cal.3d 723, 731 [106 Cal.Rptr. 15, 505 P.2d 207].) Under current California case law, substantial compliance preserves a claim subject to the Tort Claims Act. (*Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70 [135 Cal.Rptr. 621]; Van Alstyne, *supra,* § 5.44, pp. 493-496.) Appellant alleged he followed a procedure which, although technically not in compliance with Government Code section 810 et seq., fulfills the purposes of the Tort Claims Act.

As set forth above, the FEHA requires that a verified complaint be filed within a year of the alleged discriminatory practice, and the department is required to serve the complaint on the employer within 45 days of filing or at the first contact with the employer, whichever is earlier. The FEHA authorizes personal service or service by certified mail. (Gov. Code, §§ 12960, 12962.) Other provisions for notice and an opportunity for settlement have been discussed in detail.

Nothing more could be done, consistent with the objective of the FEHA to eliminate employment discrimination through persuasion and conciliation, to provide a public employer with early notice of a claim of violation of the FEHA. The complaint filed by appellant sufficiently alleges compliance with FEHA procedures.

If, as respondent contends, the complaint insufficiently alleged substantial compliance with Tort Claims Act requirements, it nevertheless was improper to sustain the demurrer without leave to amend; it is an abuse of discretion to sustain a demurrer without leave "if there is a reasonable possibility that the defect can be cured by amendment." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 844-845, pp. 2449-2450.) "So long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits." (*Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d 113, 123.) Scrutiny of the complaint and the statutes upon which appellant's action is based shows that respondents received early notice and an opportunity to settle. If more specific allegations are necessary, appellant may amend.