Filed 1/23/26  Sevilla v. L.A. Community College Dist. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| JOSE SEVILLA, | B344386 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 24STCV09332 |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT, et al., | |
| Defendants and Respondents. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed in part, reversed in part, and remanded for further proceedings.

Jose Sevilla, in pro. per., for Plaintiff and Appellant.

Reily & Jeffery and Janine K. Jeffrey for Defendants and Respondents.

————————————

Representing himself, Jose Sevilla sued various defendants connected to a community college program, complaining of the conduct of a staff member. The defendants demurred, and the trial court granted Sevilla leave to amend his complaint.

Sevilla filed a first amended complaint against Elyzandro Umana and East Los Angeles College Rising Scholars. He later filed a declaration saying he meant to name the Los Angeles Community College District and *Elizandro* Umana as defendants. In his amended complaint, Sevilla alleged he "first met Defendant Elyzandro Umana while working at Homeboy Industries. During this time, Plaintiff faced discriminatory practices, prompting him to file a complaint with the California Department of Fair Employment and Housing (DFEH), which issued a Right to Sue letter."

Sevilla's amended complaint asserted five claims based on his exclusion from a federal work study program by Umana. The first claim alleged discrimination in violation of state and federal law. This count specifically named the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.). The second count alleged retaliation in violation of those same laws. The third claim is for harassment in violation of the same laws. The fourth claim is for negligent infliction of emotional distress. The fifth claim is for breach of contract. We refer to the fourth and fifth claims as the "non-FEHA" claims.

The defendants again demurred. A minute order from January 24, 2025 stated, in relevant part: "All parties concurring that plaintiff did not comply with the requirements of the Government Tort Claims Act and plaintiff having failed to allege any such compliance, aside from all other grounds stated in the

2

defendants' Demurrer, the Demurrer must be and is sustained and the entire action is ordered dismissed."

Sevilla appealed.

In response to Sevilla's appeal, the District conceded many cases hold the California Government Claims Act (Gov. Code § 810 et seq.) *does not apply* to claims arising under the Fair Employment and Housing Act. The District cites *Snipes v. City of Bakersfield* (1983) 145 Cal.App.3d 861 (*Snipes*); *Garcia v. Los Angeles Unified School Dist.* (1985) 173 Cal.App.3d 701 (*Garcia*); and *Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338 (*Murray*).

The District cites no cases holding that the Government Claims Act *does* apply to claims arising under the Fair Employment and Housing Act.

In other words, all the published authority that any party cites is that the trial court misapplied the law as to Sevilla's first three claims.

Over 40 years ago, the *Snipes* decision declared the broad governing principle: "actions seeking redress for employment discrimination pursuant to the California Fair Employment and Housing Act (FEHA) (Gov.Code, § 12900 et seq.) *are not subject* to the claim-presentation requirements of the Tort Claims Act (Gov.Code, § 810 et seq.)." (*Snipes, supra*, 145 Cal.App.3d at p. 863, italics added.)

The District protests. It writes the cited "appellate decisions are in direct contravention of Government Code § 905 which specifically identifies those categories of monetary claims which do not require a Government Claim. There is nothing in § 905 which exempts FEHA cases." This argument disregards the reasoning of *Snipes*, which cited section 905 repeatedly and held it did not control. (*Snipes, supra*, 145 Cal.App.3d at pp. 865–870.) The categories listed

3

in section 905 of the Government Code are *not* exhaustive of the types of claims that are exempt. (*Id.* at p. 868.)

The decisions in *Garcia* and *Murray* followed *Snipes*. The District identifies no case going its way.

The District suggests this unbroken line of authority is distinguishable because the Department of Fair Employment and Housing mistakenly treated the District as a related entity to Homeboy Industries. If there was a failing by the Department of Fair Employment and Housing (now renamed the California Civil Rights Department) and that failing amounts to a defense against Sevilla's claims under the Fair Employment and Housing Act, the District will be free in future proceedings to plead and prove that defense. This factual question is not appropriate for determination at the pleading stage.

We therefore reverse the demurrer ruling concerning Sevilla's claims under the Fair Employment and Housing Act.

Sevilla pleaded two other counts in his amended complaint: the non-FEHA claims. Sevilla's opening brief did not cite authority or offer legal argument about the non-FEHA claims and thus forfeited argument concerning those claims. He generally asked for a further opportunity to amend his amended complaint but does not specify how an amendment could cure the problem with his non-FEHA claims.

//

//

4

## DISPOSITION

We affirm the order as to the non-FEHA claims and otherwise reverse and remand.  We award costs to the appellant.



WILEY, J.

We concur:


STRATTON, P. J.


SCHERB, J.