John **HARTMAN**, Plaintiff,

v.

**CITY OF PETALUMA, Petaluma Police Department, and Does 1 through 50, inclusive, Defendants.**

No. C–93–0984 DLJ.

United States District Court, N.D. California.

Jan. 4, 1994.

William J. Arnone, Jr., of Merrill, Arnone & Handelman, Santa Rosa, CA, for plaintiff.

Cynthia L. Remmers and William T. Darden, of Orrick, Herrington & Sutcliffe, Sacramento, CA, for defendants.

## ORDER

JENSEN, District Judge.

On December 3, 1993, the Court heard defendants' motion for summary judgment. William J. Arnone, Jr. of Merrill, Arnone & Handelman appeared on behalf of plaintiff. Cynthia L. Remmers and William T. Darden of Orrick, Herrington & Sutcliffe appeared on behalf of defendants. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS defendants' motion for summary judgment, for the following reasons.

## I. BACKGROUND

Plaintiff, formerly a member of a nationally known musical group, applied to become a full-time member of the Petaluma Police Department. Plaintiff's application was denied.

Plaintiff asserts that his application was denied because of his past drug use. Defendants contend that the application failed not because of plaintiff's past drug use, but his lack of candor regarding that drug use. Plaintiff's complaint, removed under federal question jurisdiction from Superior Court, lists five causes of action.

First, plaintiff claims he has been treated contrary to public policy as reflected in Title II of the Americans With Disabilities Act (ADA) at 42 U.S.C. § 12131, et seq., because he is a qualified individual with a disability who has been unfairly excluded from activities by a public entity. Plaintiff claims that the term "disability" under the Act includes "individuals who are successfully rehabilitat-

948

ed from their prior use and individuals who are erroneously regarded as engaging in the use of illegal drugs." Complaint at 5.

Plaintiff's second cause of action claims he was wrongfully terminated in violation of public policy. Plaintiff claims the acts were committed with malice and he therefore should receive punitive damages.

Plaintiff's third cause of action is for breach of contract. Plaintiff claims defendants breached a "partly oral and partly implied in fact employment agreement by, inter alia, terminating plaintiff's employment in violation of public policy." Complaint at 6.

Plaintiff's fourth cause of action is for intentional infliction of emotional distress and his fifth cause of action is for negligent infliction of emotional distress.

Defendants ask for summary judgment. Defendants claim that plaintiff's first two causes of action must be dismissed because plaintiff is not a "qualified person with a disability." Defendants also assert that plaintiff's failure to file a tort claim bars his state law claims, and that his contractual claims fail as a matter of law. In addition, defendants argue that the intentional and negligent infliction claims by plaintiff are barred by the exclusive remedy of workers' compensation and the absence of outrageous conduct by defendant.

## II. DISCUSSION

Consideration of defendants' motion requires setting out the standard for summary judgment and an application of that standard to the specific issues raised here.

### A. *Legal Standard for Summary Judgment*

Under Rule 56(c) of the Federal Rules of Civil Procedure, a district court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Recognizing that summary judgment motions can contribute significantly to the resolution of litigation when there are no factual issues, the Supreme Court and the Ninth Circuit have established the following standards for consideration of such motions: "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (quoting Fed.R.Civ.P. 56(e) (emphasis added) and citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.,* 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). With respect to these specific facts offered by the non-moving party, the court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the non-moving party. *T.W. Elec. Serv.,* 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

■ Rule 56(c) nevertheless requires this Court to enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 321, 106 S.Ct. at 2552. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "[T]here must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). This Court thus applies to either party's motion for summary judgment the same standard as for a motion for directed verdict: "[W]hether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*

### B. *Plaintiff's First Two Causes of Action*

■ Defendants assert that the first two causes of action must be dismissed because plaintiff does not satisfy statutory dictates, and more specifically that he is not a "qualified person with a disability" as required by the ADA. 42 U.S.C. § 12132.

A person with a disability has been defined as someone who has an impairment that substantially limits one or more "major life activities" such as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104. The EEOC in its Technical Manual notes that "a person who casually used drugs illegally in the past, but did not become addicted is not an individual with a disability based on past drug use." EEOC Technical Assistance Manual, § 8.5. Defendants claim that no disability can be shown because plaintiff has stated that he used only small amounts of drugs in the past and was therefore only a voluntary, casual user. *See e.g.,* Hartman Depo. 141:9 (plaintiff admitted writing on application that he had used only "one-half ounce to one ounce total" of marijuana in his life); *id.* at 145:13 (plaintiff wrote that he had used only a "small amount" of cocaine in his life).

Defendants also claim plaintiff was not "otherwise qualified" within the ADA because he showed insufficient candor regarding his past drug use. 42 U.S.C. § 12132. Defendants argue that refusing to employ a person because he or she falsified information on an application does not violate anti-handicap discrimination statutes. *Citing, Russell v. Frank,* 1991 WL 97456, 59 Fair Empl.Prac.Cas. 1585, *aff'd* 971 F.2d 744 *cert. denied,* —— U.S. ——, 113 S.Ct. 1296, 122 L.Ed.2d 686 (1993) (neither the statute nor the regulations require employers to suspend standards of employee honesty in the name of reasonable accommodation). Moreover, even if plaintiff could make a prima facie showing of handicap discrimination, defendants claim his dishonesty would be a legiti-mate nondiscriminatory reason for their actions.

Plaintiff claims there are genuine issues of fact as to whether he is a qualified person with a disability. Regarding the level of his disability, plaintiff points out that he has testified that drug use impaired his career. Moreover, plaintiff argues that he need not show he was addicted to qualify under the ADA. Rather, plaintiff asserts that "the test is, as it should be, whether the drug use was of sufficient magnitude that it constituted an impairment that substantially limited a major life activity, such as employment." Pl.Mem. in Opposition to Sum.Jud. at 10. Plaintiff argues that his past drug use should not bar him from possible employment in law enforcement, and that his record establishes that he would otherwise be qualified.

Plaintiff also asserts that there are genuine issues of fact as to whether the police department terminated him simply because of his past drug use. Plaintiff states that other issues regarding his credibility were not followed up upon by the department. Pl.Mem. in Opposition to Sum.Jud. at 14.

This Court notes that the provisions in question seem to require some indicia of dependence sufficient to substantially limit a major life activity. *See e.g.,* Legislative History of ADA, 4 U.S.C.C.A.N. at 360, Pub.L. No. 101–336 (1990) (persons with "past use *dependence* conditions" are not necessarily denied protections); Preamble to Regulations, 28 C.F.R.Pt. 35 at 455 (*Addiction* is a disability, and addicts are individuals with disabilities protected by the Act); 28 C.F.R. § 41.31(b)(1) (handicap includes drug *addiction* and alcoholism) (emphasis added).

Here, there is no evidence cited that plaintiff was addicted or drug dependent and little deposition testimony to indicate that plaintiff was otherwise disabled for the purposes of the statutes in question. However, even if plaintiff could demonstrate that his level of use constituted a disability, plaintiff would inevitably fail in his efforts to prove he was "otherwise qualified." Plaintiff has already admitted that he gave less than accurate

estimates of his drug use [1] because "he wanted the job." If plaintiff's drug use was so severe that it constituted a major life impairment under any definition, his previous statements to the Department indicating he used only a small amount of drugs are certainly inaccurate by several magnitudes.

Defendants need not show that they followed up upon every evidence of deception by plaintiff during his application process. Rather, their legitimate concern over this specific deception gave the Department sufficient grounds to reject plaintiff's application. This Court also observes that in addition to the general qualification regarding honesty a police department could well require a law abiding history as a specific qualification for employment and could legitimately decline to hire as law enforcement officers those persons who have been repeated violators of the law. This common sense proposition might well have validity.

## C. *Plaintiff's Common Law Tort Claims*

The California Tort Claims Act, Gov't Code §§ 810–996.6, requires that a formal claim be filed with the public entity as a condition precedent to maintaining a suit for money damages. Defendants state that no formal tort claim has been filed with the City Clerk. Declaration of Patricia Bernard, ¶ 3. Defendants cite case law indicating compliance with the Act is an essential element to a successful claim. *See e.g., Willis v. Reddin,* 418 F.2d 702 (9th Cir.1969). Failure to comply with the Act, according to defendants, deprives this Court of jurisdiction to hear state claims based on public policy, breach of contract, and infliction of emotional distress.

Plaintiff responds that he properly noticed his claims under the ADA. Plaintiff further contends that his common law claims are "additional remedies for the same underlying conduct which constitutes violations of the ADA" and that therefore he was "not required to file a claim under the California Tort Claims Act." Pl.Mem. in Opposition to Sum.Jud. at 16.

The proper filing of plaintiff's claims under the ADA is not in dispute. Plaintiff's assertion that he was not required to file at all under the Tort Claims Act, however, is far more dubious. Plaintiff presents no authority for this proposition. Plaintiff's claims regarding emotional distress are not simply additional remedies for the alleged ADA violations. Nor is this suit similar to the case brought under FEHA and cited by plaintiff. *Snipes v. City of Bakersfield,* 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (1983).

Defendant City had no notice prior to the filing of the lawsuit that the act of plaintiff's firing was conducted in an emotionally distressful manner. Neither did defendants' have such notice as regards his breach of contract claim. Defendants cite case law indicating that this constitutes a fatal jurisdictional defect. *Kim v. Walker,* 208 Cal. App.3d 375, 384, 256 Cal.Rptr. 223 (1989).

## D. *Plaintiff's Emotional Distress Claims*

■ Defendants argue that claims for emotional distress must be dismissed on two grounds other than those previously discussed. First, defendants contend that workers' compensation is an exclusive remedy and bars plaintiff's distress causes of action. Second, defendants assert that there is none of the needed evidence of extreme and outrageous conduct.

The parties agree that plaintiff may recover for emotional distress damages stemming from a violation of public policy. Def.Reply at 12. Absent a violation of public policy, however, these emotional distress claims may be barred by the exclusivity provisions of workers' compensation laws. *Livitsanos v. Superior Court,* 2 Cal.4th 744, 747, 7 Cal. Rptr.2d 808, 828 P.2d 1195 (1992). Plaintiff's emotional distress claims seem connected not to the alleged violation of public policy, but to the alleged act of embarrassing plaintiff by walking him to his car with his gear. Pl. Mem. in Opposition to Sum.Jud. at 8. The evidence is not sufficient to indicate this is in violation of a public policy interest such that

---

1. Compare original statements regarding using cocaine only "6" times and marijuana "3–4" times with statements plaintiff gave following failing the polygraph test in which he stated he had used the drugs "plus or minus 100 times" each.

it should be excluded from the workers' compensation system.

■ In addition, there has not been evidence of extreme and outrageous conduct sufficient to survive this summary judgment motion. Defendant officers accompanying plaintiff to recover his gear and escorting him out of the police facility is not the kind of behavior that is so far from community standards that it presents genuine issues of material fact and might survive summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment.

IT IS SO ORDERED.